Vance L. WILEY et al., Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Frank D. WILEY et al., Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 13737, 13738.

United States Court of Appeals
Sixth Circuit.

April 24, 1959.

William Waller and William Waller, Jr., of Waller, Davis & Lansden, Nashville, Tenn., for petitioners.

Charles K. Rice, Arch Cantrall, Lee A. Jackson, Charles P. Dugan, Joseph F. Goetten, and Carolyn R. Just (Argued by Meyer Rothwacks) Dept. of Justice, Washington, D. C., for respondent.

Before MARTIN, Chief Judge, SHACKELFORD MILLER, Jr., Circuit Judge, and BOYD, District Judge.

PER CURIAM.

In Schaeffer v. Commissioner, 6 Cir., 258 F.2d 861, we held that certain "hold-backs" by a finance company from the proceeds of a note executed by the purchaser of an automobile to the automobile dealer and sold by the dealer to the finance company, which "hold-backs" were credited in a dealer's reserve account on the books of the finance company, constituted accrued income to the dealer, who made return of income on the accrual basis, at the time of the transaction. The petitions for review of decisions of the Tax Court, which are now before us, present the same basic question and are controlled by our ruling in the Schaeffer case unless there is some material factual difference between that case and the present ones.

Petitioners urge upon us as a distinguishing feature the following fact. In the present case, the source of the dealer's reserve account set up on the books of the finance company represented an obligation on the part of the purchaser of the automobile-trailer to pay what is termed finance charges, but which were actually prepaid interest to the date of maturity of the note, *in addition* to the unpaid balance of the purchase price. This additional amount was included in the note executed by the purchaser of the trailer to the automobile dealer and sold by the dealer to the finance company. If the note was paid before maturity only the portion of this amount earned at the time of payment, plus a penalty, would be actually paid and the finance company would debit the dealer's reserve account for such portion of the relieved charge. The Tax Court sustained the Commissioner's contention that this dealer's reserve account was

accrued income to the dealer at the time it was entered on the books of the finance company. Wiley v. Commissioner, 26 P–H Memo, T.C., 1957–236.

Petitioners contend that this obligation of the purchaser was a contingent one; that the amount credited to the dealer's reserve account was merely a bookkeeping entry representing an unearned credit subject to a debit if the note was paid before maturity, with the result that the amount so debited was never earned and never received by the dealer, and that such a bookkeeping entry could not be treated as accrued income to the dealer at the time the entry was made.

In our opinion, the factual difference is not sufficient to distinguish this case in principle from the ruling in the Schaeffer case. Brown v. Helvering, 291 U.S. 193, 200–201, 54 S.Ct. 356, 78 L.Ed. 725; Heiner v. Mellon, 304 U.S. 271, 276, 58 S.Ct. 926, 82 L.Ed. 1337; Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; and cases cited by the Tax Court in its Memorandum Opinion.

It is ordered that the decisions of the Tax Court be affirmed.