**KEY HOMES, INC., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 13709.

United States Court of Appeals
Sixth Circuit.

Nov. 4, 1959.

Morris Berick, Cleveland, Ohio (Halle, Haber, Berick & McNulty, Cleveland, Ohio, on the brief), for petitioner.

Carolyn R. Just, Dept. of Justice, Washington, D. C. (Charles K. Rice, Lee A. Jackson, and Harry Baum, Arch M. Cantrall, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before McALLISTER, Chief Judge, and MILLER and WEICK, Circuit Judges.

PER CURIAM.

The petitioner, an accrual basis taxpayer, was engaged in the business of constructing and selling houses. During the fiscal year 1953 it sold five houses under a financing arrangement wherein a Savings and Loan Association made first mortgage loans to the purchasers to cover the difference between the purchase price and the cash payment. The petitioner agreed in connection with each mortgage granted by the Savings and Loan Association to deposit a certain amount of the mortgage proceeds in a savings account with the Savings and Loan Association as additional security for the loan. The savings account was in the petitioner's name and drew

interest which was regularly credited to the petitioner. In the event of a default on the mortgage loan, any loss sustained by the Savings and Loan Association was to be charged against said savings account. If the mortgagor-purchaser performed the agreement and covenants in the note, and the mortgage was reduced thereby to a specified sum, the savings account was released to the petitioner. Petitioner could not draw any part of the principal of the savings account until the release date arrived.

The Tax Court held that the amounts so deposited and held in the savings account in the fiscal year 1953 was accrued income, taxable to the petitioner in that year, and adjudged an income tax deficiency in the amount of $3,580.29.

The petition for review of the Tax Court decision was filed before the ruling of this Court in Schaeffer v. Commissioner, 6 Cir., 258 F.2d 861, certiorari denied 360 U.S. 917, 79 S.Ct. 1435, 3 L.Ed.2d 1533. Petitioner's brief relies upon Hansen v. Commissioner, 9 Cir., 258 F.2d 585; Glover v. Commissioner, 8 Cir., 253 F.2d 735, and similar rulings from other circuits, which are contrary to the ruling of the Seventh Circuit in Baird v. Commissioner, 256 F.2d 918, and the ruling of this Court in Schaeffer v. Commissioner, supra. Since the filing of briefs in this case, the rulings in Hansen v. Commissioner, supra, and Glover v. Commissioner, supra, have been reversed by the Supreme Court, and the ruling in Baird v. Commissioner, supra, affirmed. Commissioner of Internal Revenue v. Hansen, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360. This ruling of the Supreme Court in effect approves the ruling of this Court in Schaeffer v. Commissioner, supra.

We are of the opinion that the alleged factual differences between this case and the Schaeffer case are not sufficient to distinguish this case in principle from our ruling in the Schaeffer case. Wiley v. Commissioner, 6 Cir., 266 F.2d 48, certiorari denied 80 S.Ct. 80.

The decision of the Tax Court is affirmed.