GENERAL GAS CORPORATION, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 63171. Filed November 23, 1959.

*Paul O. H. Pigman, Esq.,* for the petitioner.
*F. S. Gettle, Esq.,* for the respondent.

### OPINION.

RAUM, *Judge:* The Commissioner determined a deficiency in income tax in the amount of $379,848.55 for the calendar year 1952. The parties have filed a comprehensive stipulation of facts, and although some testimony was received, it does not appear to be necessary to make any findings beyond the stipulation which we hereby adopt as our findings of fact.

Petitioner, an accrual basis taxpayer, sold its products on installments, and arranged for financing by transferring its customers' credit purchase notes to certain financing agencies without recourse. The financing agencies withheld a portion of the purchase price, until certain events occurred. The amounts thus withheld were placed in a dealer's reserve account together with a portion of the finance charges paid by petitioner's customers. The question for decision is whether petitioner was required to report in its 1952 returns the sum of $592,615.23 thus credited to it in dealer's reserve accounts during 1952.

A conflict on this issue among the lower courts has recently been resolved by the Supreme Court in *Commissioner* v. *Hansen,* 360 U.S. 446. Decision in the present case was delayed pending the decision of the Supreme Court in the *Hansen* case. However, almost immediately after that decision petitioner requested and was granted permission to file a supplemental brief.

In its supplemental brief, petitioner seeks to draw certain distinctions between that case and the instant case. In contrast to most of the assignments involved in *Hansen,*[1] petitioner points out that it assigned the notes of its customers "without recourse," thereby assuming no independent liability to the finance companies and relegating those companies *"solely* to the reserve accounts to minimize or eliminate their aggregate risk of loss from nonpayment or other defaults of petitioner's credit purchasers." We think this is a dis-

---

[1] In *Commissioner* v. *Glover,* decided sub nom. *Commissioner* v. *Hansen,* 360 U.S. 446, some notes were assigned without recourse and others with full recourse.

tinction that does not call for a different result. The absence of independent liability does not derogate from the fact that the credits represented income realized by petitioner upon the sale of the notes, which amounts were subject to diminution only upon default by its customers. But the risk of customer default is a normal incident to credit businesses and, as an accounting matter, is not viewed as a contingency or condition precedent sufficient to foreclose present accrual as income. As in *Hansen*, petitioner acquired a "fixed right to receive" the reserves, subject to the condition subsequent of diminution in the event and to the extent of customer default, and this common element disposes of the alleged distinction. In *Evans Motor Co.*, 29 T.C. 555, we held, without any discussion of the point, that amounts credited to dealer's reserves under a "non-recourse plan" were accruable as income. And we note that in *Hine Pontiac* v. *United States*, 360 U.S. 715, reversing per curiam — F. 2d — (C.A. 5), which affirmed — F. Supp. — (D.C. Tex.), the District Court found that the notes involved in that case were "accepted without recourse," yet the Supreme Court held the *Hansen* case controlling.

Petitioner also argues that the portion of the reserves comprised of "finance charges" allowed by the finance companies—as distinguished from the portion of the reserves attributable to "holdbacks" on the purchase price of the notes—was not accruable as income at the time the notes were sold, but only as "earned." This issue was raised in *Hansen*, but the Court held against the taxpayers for failing to sustain their burden of proof with respect thereto. Similar contentions regarding special treatment for "finance charges" credited to dealer's reserve accounts have been rejected in *Shoemaker-Nash, Inc.*, 41 B.T.A. 417; *Arthur V. Morgan*, 29 T.C. 63, on appeal (C.A. 9); and *Wiley* v. *Commissioner*, 266 F. 2d 48 (C.A. 6), affirming a Memorandum Opinion of this Court, certiorari denied 361 U.S. 831. See *Hine Pontiac* v. *United States*, *supra*, which involved credits to reserves in the amount by which interest and finance or service charges exceeded the specified rate of discount in the contract. We see no basis for reaching a different result in the present case.

*Decision will be entered for the respondent.*