**Arthur V. MORGAN and Dorothy O. Morgan, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15898.**

United States Court of Appeals Ninth Circuit.

March 15, 1960.

Leonard B. Hankins, Long Beach, Cal., for petitioners.

Thomas T. Files, Felix S. Wahrhaftig, Sacramento, Cal., amicus curii.

Charles K. Rice, Asst. Atty. Gen., Carolyn R. Just, Lee A. Jackson, Meyer Rothwacks, Attorneys, Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS, BARNES and KOELSCH, Circuit Judges.

PER CURIAM.

This is an appeal from the Tax Court (26 U.S.C. § 7482) where the determination of a deficiency made by the Commissioner of Internal Revenue for 1950 was upheld on review (Int.Rev.Code of 1939, § 272, 26 U.S.C.A. § 272).

Taxpayer Arthur V. Morgan was a member of a partnership engaged in the used car business which kept its books on an accrual basis and sold large numbers of cars under conditional sales contracts. These contracts assigned to a bank provided that the purchasers agreed to pay the "Contract Balance" (which included the "time price differential" made up of interest and finance charges) in equal successive monthly installments. Upon assignment the bank would pay the total "unpaid cash purchase price" to petitioners and pay the motor vehicle tax either to petitioners or the Department of Motor Vehicles (depending upon whether the partnership or the bank cleared title to the car). The time price differential differed in amount because of difference in charges to the purchaser. It was allocated at the time of assignment between the bank's unearned discount, the bank's earned discount, and the dealer's reserve account. During the year 1950 the credits to the dealer's reserve account totaled $16,895.08, the debits $1,130.76. The difference of $15,764.52 was the deficiency determined.

The bank's unearned discount was debited by the bank whenever prepayment of a contract forced a reduction in finance charges, pursuant to California law. The dealer's reserve account was likewise debited for such reductions and was available to offset losses caused by default in the dealer's contracts. A minimum amount was required to be maintained before any dealer withdrawal. This minimum sum was never reached and no dealer withdrawals were made in 1950.

Petitioners' contentions have been answered by the Supreme Court in Commissioner v. Hansen, 1959, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360. But petitioners point out that the Supreme Court withheld judgment on the merits of the contention "that portions of the Dealers Reserve Accounts consist of percentages of 'finance charges' which the finance companies agreed to allow" the dealers; here allegedly because the taxpayer guaranteed the contracts. The Supreme Court in Hansen held the taxpayers had "wholly failed to sustain the burden of showing that any part of the amounts credited on the books of the finance companies to the respective Dealers Reserve Accounts was entitled to special treatment." (Id., 360 U.S. at page 469, 79 S.Ct. at page 1282.)

This same point was previously before us in Wood v. Sarwark (September 18, 1959) terminated by a Minute Order reversing on the authority of the Hansen case. The record indicates that the source of the dealer's reserve fund in Wood was finance charges.

The same issue was before the sixth circuit in Wiley v. Commissioner, 266 F. 2d 48, decided April 24, 1959. This followed the holding of that court in Schaeffer v. Commissioner, 6 Cir., 1958, 258 F. 2d 861, certiorari denied 360 U.S. 917, 79 S.Ct. 1435, 3 L.Ed.2d 1532, which with Baird v. Commissioner, 7 Cir., 1958, 256 F.2d 918, affirmed sub nom. 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360, and the Tax Court, upheld the taxibility of such credits on installment paper; while the fourth circuit (Johnson v. Commissioner, 1956, 233 F.2d 952), the fifth circuit (Texas Trailer Coach v. Commissioner, 1958, 251 F.2d 395), the eighth circuit (Glover v. Commissioner, 1958, 253 F.2d 735, reversed sub nom. 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360), and this circuit (Hansen v. Commissioner, 1958, 258 F.2d 585, reversed 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360) upheld the non-taxability.

In Wiley the circuit court ruled the factual difference was not sufficient to distinguish this case from Schaeffer. The Supreme Court denied certiorari on October 12, 1959 (Wiley v. C. I. R., 361 U.S. 831, 80 S.Ct. 80, 4 L.Ed.2d 73), four months after the Hansen opinion.

As Hansen says, "the incidence of taxation depends upon the substance, not the form of the transaction." (360 U.S. 446, at page 461, 79 S.Ct. 1270, at page 1279, 3 L.Ed.2d 1360, and cases cited.) We are bound by Hansen and, under the circumstances, approve the Wiley case.

The decision of the Tax Court is affirmed.