UNITED STATES of America, Appellant,

v.

Jack Sharp MITCHELL, and wife Thelma Mitchell, Appellees.

No. 17509.

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1960.

William B. West, III, U. S. Atty., Fort Worth, Tex., Carolyn R. Just, Meyer Rothwacks, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., William N. Hamilton, Asst. U. S. Atty., Dallas, Tex., for appellant.

Henry Klepak, Dallas, Tex., for appellees.

Before RIVES, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

In this case an accrual basis taxpayer sold automobiles on credit, discounting his customers' obligations with finance companies. The taxpayer realized part of his gain in cash and part in the form of amounts credited to dealer's reserve accounts to be satisfied either by payment in cash or by offset against the taxpayer's obligations. The question for decision is whether the taxpayer was required to report the amount of gain credited to the dealer's reserve account (as well as the gain in cash) as income for the year in which the sales and credits were made rather than as income for the year in which payments from the reserve accounts were actually received.

After the rendition of the judgment below in the instant case, the Supreme Court decided the same issue adversely to the taxpayer in Commissioner of Internal Revenue v. Hansen, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (affirming Baird v.

**936**

Commissioner, 7 Cir., 256 F.2d 918; and reversing Hansen v. Commissioner, 9 Cir., 258 F.2d 585 and Glover v. Commissioner, 8 Cir., 253 F.2d 735); United States v. Hine Pontiac, 360 U.S. 715, 79 S.Ct. 1443, 3 L.Ed.2d 1539 (reversing judgments in three cases entered by the Fifth Circuit on stipulation (2 A.F.T.R. 2d 5812) ), rehearing denied October 12, 1959; United States v. Colonial Chevrolet Corp., 360 U.S. 716, 79 S.Ct. 1444, 3 L.Ed.2d 1539 (reversing judgments in two cases entered by the Fourth Circuit on stipulation (3 A.F.T.R.2d 378, 917) ), rehearing denied October 12, 1959.

The Court has considered the taxpayer's alternative arguments. We consider that they are without merit.

The judgment must be reversed.