L. Houston Brown and Olga R. Brown v. Commissioner.
Brown v. Commissioner
Docket No. 84493.
United States Tax Court
T.C. Memo 1961-214; 1961 Tax Ct. Memo LEXIS 135; 20 T.C.M. (CCH) 1063; T.C.M. (RIA) 61214; July 28, 1961
*135 1. Held, respondent did not err in increasing petitioner's distributive share of partnership income to reflect amounts credited to a dealer's reserve account standing in the partnership's name on the books of a finance company. Commissioner v. Hansen, 360 U.S. 446, followed. 2. Held, addition to tax under section 294(d)(1)(A), I.R.C. 1939, sustained. Jim D. Bowmer, *136 Esq., for the petitioners. J. C. Linge, Esq., for the respondent. BLACK Memorandum Opinion BLACK, Judge: Respondent has determined a deficiency in the income tax of petitioners for the taxable year 1954 in the amount of $12,322.53 and additions to tax under sections 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939 in the amounts of $1,898.43 and $739.35, respectively. The adjustment giving rise to the deficiency is explained in the statutory notice, as follows: (a) Examination of the books and records of the partnership of Ed Cantrell Motor Company discloses that your share of the distributable income for the year 1954 is $58,573.53. Inasmuch as you reported $37,500.00 your taxable income has been increased by the difference of $21,073.53, computed as follows: Ordinary net income per part-
nership return
$76,247.41
Add: Unallowable deductions
and additional income
1. Accrued dealers reserve
income
$46,099.64
Total
$46,099.64
Corrected partnership ordinary
net income
122,347.05
Your distributive share
$58,573.53
Partnership income reported on
your return
37,500.00
Understatement of partnership
income
$21,073.53
*137 Explanation of partnership adjustment: 1. It is determined the partnership earned accrued dealers reserve income of $46,099.64 in 1954, which was not reported in that year. This omission represents the net amount credited to the partnership dealers reserve account by Interstate Securities Company of Texas. On brief, respondent concedes that petitioners are not liable for the addition to tax under section 294(d)(2) of the 1939 Code. The issues presented for our consideration are: (1) Whether respondent erred in including in the income of a partnership of which petitioner L. Houston Brown was an equal member the net increase in the amount credited to the partnership dealer's reserve account on the books of a finance company through which the partnership discounted commercial paper. (2) Whether petitioners are liable for the addition to tax for failure to file a declaration of estimated tax for the taxable year 1954. The facts, all of which are stipulated, are incorporated herein by this reference and may be summarized as follows: Petitioners L. Houston and Olga R. Brown, husband and wife residing in Temple, Texas, filed their joint income tax return for the taxable year *138 1954 with the district director of internal revenue, Austin, Texas. For convenience, L. Houston Brown is hereinafter referred to as petitioner. In 1953, petitioner formed a partnership with Edward R. Cantrell for the purpose of operating a retail automobile agency in Belton, Texas. The partnership entered into an agreement with Interstate Securities Company of Texas (hereinafter referred to as Interstate) pursuant to which the partnership sold and discounted notes and mortgages it received from purchasers of automobiles. By the terms of the agreement, Interstate withheld payment of certain portions of the notes and mortgages sold and discounted, crediting such portions to a "Dealer's Reserve Account" standing in the partnership's name on the books of Interstate. The agreement provided: As of 1/1/54 and 1st of each year if we [the partnership] are not indebted to you [Interstate], you will pay so much of our reserve as is in excess of 7% (per cent) of the aggregate unpaid balances outstanding on paper purchased from us after you have deducted all losses as defined herein, provided that no payments need be made by you if we have any unpaid indebtedness to you at time of settlement. *139 Such reserve shall at all times be subject to set off by you and subject to any indebtedness, liquidated or unliquidated, which we may owe you. We shall not be liable to you in the event losses from repossessions exceed the amount of reserve provided for herein. If we stop selling you our paper or you stop buying it, you may hold and apply all reserves until liquidation of all paper purchased from us. During 1954, Interstate made debit and credit entries on the "Dealer's Reserve Account" standing in the name of the partnership. The credit balances in the account as of December 31, 1953 and 1954, were in the amounts of $2,532.04 and $48,631.68, respectively. For the year 1954 the partnership, which maintained its books and records and reported its income on an accrual basis, reported as receipts from sales the amounts it received from Interstate due to the discounting of notes and mortgages, plus the amounts of cash down payments or tradein allowances, but did not report as income for the year 1954 any amount credited to its account in its dealer's reserve account with Interstate. The partnership elected to use the specific bad debt method of charging off bad debts. In the taxable *140 year 1954, the partnership charged off $10,290 bad debts, which amount was allowed in full by the Commissioner in his determination of the deficiency. The issue whether the partnership should include in its income for 1954 the net increase in the credit balance of its dealer's reserve account on the books of Interstate is controlled by the decision of the Supreme Court in Commissioner v. Hansen, 360 U.S. 446 (1959). Cf. United States v. Mitchell, 283 F. 2d 935 (C.A. 5, 1960); Morgan v. Commissioner, 277 F. 2d 152 (C.A. 9, 1960); Key Homes, Inc. v. Commissioner, 271 F. 2d 280 (C.A. 6, 1959); General Gas Corporation, 33 T.C. 303 (1959); Family Finance, Inc., 32 T.C. 1193 (1959). Petitioner contends that the instant case is distinguishable from the Hansen case, supra, in that "since the value of the reserve was the same as the 'bad debts' among the liabilities secured thereby, the reserve had no value to the taxpayer and should not be taxable to him." This argument is without any support in the record and we think is without merit. The partnership elected to charge off specifically its bad debts. There *141 is no evidence to show that the partnership incurred bad debt losses in excess of those claimed in the returns, which are not in dispute and were allowed. The gist of petitioner's argument is that because of the partnership's contingent liability to the finance company with regard to defaults of the discounted paper, the credits to the reserve account were valueless. A similar argument, cast in a slightly different form was made and rejected in the Hansen case at 360 U.S. 464-466, as follows: The taxpayers next contend that the amounts that were retained by the finance companies and entered on their books as liabilities to the dealers under their reserve accounts, were subject to such contingencies that it could not have been known, in the year of such retentions and credits, what amount of those reserves would actually be received by them and, hence, they did not acquire, in the year of such retentions and credits, a fixed right to receive - in a later year or at any time - the amounts so withheld and credited to them, and therefore those amounts did not constitute accrued income to them. * * *
In any realistic view we think that the dealer has "received" his *142 reserve account whether it is applied, as he authorized, to the payment of his obligations to the finance company, or is paid to him in cash. For substantially the same reason as stated above, petitioner's argument that the reserves were valueless and should not be accrued as income is rejected. Petitioner's contention that if he is required to include in income his distributive share of the increase in the partnership dealer's reserve account by reason of application of the Hansen case, he should be allowed a computation of tax under section 1341 of the 1954 Code [1] relative to the restoration of a substantial amount held under a claim of right is without merit. It is our opinion that the cited statute has no application whatever to "dealer's reserves" such as are involved in the instant case. It seems to us that section 1341 of the 1954 Code is so clearly inapplicable to "dealer's reserves," such as we have in the instant case, that further discussion of the several provisions of that section is unnecessary. We hold against petitioners as to this contention. *143 Similarly, petitioner's attempt to raise an issue concerning the applicability of the provisions of "The Dealer Reserve Income Adjustment Act of 1960," [2] P.L. 86-459, approved May 13, 1960, 74 Stat. 124, is untimely. Ten months elapsed between the enactment of that legislation and trial herein, during which time petitioner filed no motion for leave to amend the petition as provided for in Rule 17. Furthermore, he filed no election under that act. Although he contends that he was deprived of his constitutional right to equal treatment under that law in that the pendency of this litigation precluded his election, Income Tax Regs., section 1.9002-1(b) provides: An election may be made even though the taxpayer is litigating his liability for income tax based upon his treatment of dealer reserve income, whether in The Tax Court of the United States or any other court, and an election filed by a taxpayer who is litigating his liability for income tax based upon his treatment of dealer reserve income does not constitute a waiver of his right to continue pending litigation until final judicial determination. * * *
*144 We hold, therefore, that respondent did not err in determining that petitioner's income from the partnership be increased to reflect income the partnership derived from the dealer's reserve account with Interstate. Respondent has determined an addition to tax under section 294(d)(1)(A) of the 1939 Code for failure to file a declaration of estimated tax. It is stipulated that no such declaration was filed. No evidence was introduced to rebut the presumed correctness of respondent's determination in this regard, and we sustain that addition to tax. Respondent concedes that his determination of $739.35 addition to tax for underestimation of tax under section 294(d)(2) of the 1939 Code was in error. Decision will be entered for the respondent as to the amount of the deficiency in income tax and addition to tax under section 294(d)(1)(A), 1939 Code. Footnotes
1. SEC. 1341. COMPUTATION OF TAX WHERE TAXPAYER RESTORES SUBSTANTIAL AMOUNT HELD UNDER CLAIM OF RIGHT. (a) General Rule. - If - (1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item; (2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and (3) the amount of such deduction exceeds $3,000, then the tax imposed by this chapter for the taxable year shall be the lesser of the following: (4) the tax for the taxable year computed with such deduction; or (5) an amount equal to - (A) the tax for the taxable year computed without such deduction, minus (B) the decrease in tax under this chapter (or the corresponding provisions of prior revenue laws) for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years).↩
2. SECTION 2. PERSONS TO WHOM THIS ACT APPLIES. This Act shall apply to any person who, for his most recent taxable year ending on or before June 22, 1959 - (1) computed, or was required to compute, taxable income under an accrual method of accounting, (2) treated any dealer reserve income, which should have been taken into account (under the accrual method of accounting) for such taxable year, as accruable for a subsequent taxable year, and (3) before September 1, 1960, makes an election under section 3(a) or 4(a) of this Act.↩