**E. E. R. SHAPIRO and Rubye Shapiro, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 17136.

United States Court of Appeals Ninth Circuit.

Sept. 7, 1961.

Rehearing Denied Oct. 13, 1961.

Hubner & Taylor, Conrad T. Hubner, San Francisco, Cal., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks and Carolyn R. Just, Attorneys, Dept. of Justice, Washington, D. C., for respondent.

Before ORR, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Taxpayers, husband and wife, have petitioned for review of a tax court decision sustaining deficiencies in income for the years 1945 to 1948, plus penalties. Since the amounts in dispute result from

business dealings of the husband, we shall, in discussing the problem, refer to him as though he were the sole taxpayer.

During the years in question, taxpayer was engaged in business in San Francisco as a dealer in used automobiles. The financing of time sales was accomplished by arrangement with Pacific Finance Company, by which that company accepted taxpayer's conditional sales contracts, paying taxpayer a sum equal to the unpaid balance of the purchase price. On time sales an additional sum covering interest and service charges and termed "time-price-differential" was charged to the purchaser as an addition to the purchase price. Pacific Finance, upon accepting a conditional sales contract, assigned a portion of the time-price-differential to a dealer's reserve maintained for taxpayer as security for the discharge by taxpayer of all direct or contingent liabilities owing by him to Pacific through their course of dealing. From time to time, as this reserve exceeded what Pacific regarded as a necessary security level, payments from the reserve were made to taxpayer.

Taxpayer reported his income upon the accrual basis. As to the dealer's reserve, he reported only that portion actually paid to him, contending that his right thereto did not accrue until such payment. It is as to the sum maintained in the reserve that this dispute is concerned. The commissioner contends that the taxpayer's right to such sum accrued when it was credited to the reserve, irrespective of when payments were made to taxpayer by Pacific.

In Commissioner of Internal Revenue v. Hansen, 1958, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360, the Supreme Court held that sums credited to a dealer's reserve were taxable to an accrual system taxpayer irrespective of the date of actual payment. The reserves in that case were created by withholding from the dealer portions of the purchase price.

This court in Morgan v. Commissioner, 9 Cir., 1960, 277 F.2d 152, following Wiley v. Commissioner, 6 Cir., 1959, 266 F.2d 48, held that the ruling in Hansen applied to a reserve created from time-price-differential credits as well as to one created from withheld purchase price.

We regard these cases as controlling here.

Taxpayer protests that in two respects events subsequent to the crediting of the reserve could adversely affect his interest therein.

First. The prepayment of the contract by the purchaser could, under Pacific's practice, result in a proportionate reduction of the time-price-differential chargeable to the purchaser and a debit against that portion of that time-price-differential which had been theretofore assigned by Pacific to the taxpayer's dealer's reserve. Morgan v. Commissioner, supra, held that this circumstance did not affect the taxability of the reserve. In Morgan the purchaser's right to reduction in the event of prepayment was conferred by statute. Taxpayer contends that since there was here no statutory right to reduction, Morgan is distinguishable from the instant case. The reduction here was, however, granted by Pacific pursuant to its established policy, which, we assume, was known to taxpayer and assented to by him as an integral part of the arrangement under which he was dealing with Pacific. Accordingly, we regard Morgan as controlling upon this point.

Second. In the event of a default by the purchaser, the dealer's reserve was proportionately debited. Such was true, however, in both the Hansen and the Morgan cases.

Finally, taxpayers contend that this case is distinguishable from Hansen and Morgan in that here Pacific Finance reserved to itself full discretion as to when payments from the dealer's reserve were to be made to taxpayer; that this fact rendered it impossible to place a fair market value upon taxpayers' right to the reserve.

It is clear that when the reserve exceeded the amount of taxpayers' liabilities, direct and contingent, the excess was payable. Whether any payments

were otherwise to be made depended upon Pacific's appraisal of all pertinent security factors. The reserve thus served as the equivalent of a cash bond for the performance by taxpayer of his monetary obligations. If there was uncertainty as to the time when taxpayer was entitled to payment, it resulted not from any question as to his right to the reserve but from the existence of counterbalancing direct and contingent liabilities. In our judgment, then, this case is not distinguishable.

Affirmed.