Carl B. Holland and Malveen G. Holland v. Commissioner.
Holland v. Commissioner
Docket No. 86480.
United States Tax Court
T.C. Memo 1963-108; 1963 Tax Ct. Memo LEXIS 236; 22 T.C.M. (CCH) 504; T.C.M. (RIA) 63108; April 16, 1963
*236 Held, the portion of the sales price of houses sold by petitioner in the years 1955 and 1956, required to be deposited with the financing institutions as additional security to protect the financing institutions from loss through default by the purchaser of the houses, must be included in petitioners' income in the years of sale. Key Homes, Inc., 30 T.C. 109, affirmed per curiam, 271 F. 2d 280, followed. Carl B. Holland, pro se, Hudson Dr., Greenville, S. C. Winfield A. Gartner, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined deficiencies in income tax for the calendar years 1955 and 1956 in the amounts of $6,870.67 and $5,896.90, respectively. *237 The sole issue remaining is whether petitioners should include in income that portion of the sales prices of certain houses sold in the years 1955 and 1956 that was required to be placed in a savings account with the financing institutions and assigned to those institutions as collateral security to protect the financial institutions from losses through default by the purchasers of the houses. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioners Carl B. Holland, hereinafter referred to as petitioner, and Malveen G. Holland are husband and wife and reside in Greenville, South Carolina. Petitioners filed joint Federal income tax returns for the calendar years 1955 and 1956 with the district director of internal revenue, Columbia, South Carolina. Petitioners filed an amended joint Federal income tax return for the calendar year 1955 with the same district director. The purpose and effect of the amended Federal income tax return for the calendar year 1955 were to place the income reported by petitioner from the sales of houses on an accrual basis. Petitioner was, during the years in issue, a contractor engaged in the *238 construction and sale of houses. During the year 1955 petitioner sold 31 houses constructed by him. The manner in which the petitioner reported the income from 14 of the 31 houses sold in the year 1955 is here in dispute. In the year 1956 petitioner sold 42 houses which he had built. The manner in which he reported the income from 17 of the 42 houses sold in 1956 is here in dispute. The sales at issue were financed through building and loan associations, hereinafter merely referred to as financing institutions, and it is the manner in which these sales were financed that results in the issue here to be resolved. In each sale of the houses here in dispute the cash downpayment, plus the amount of money the financing institution was willing to lend (based upon the appraised loan value of the house being sold), was somewhat less than the purchase price agreed upon between petitioner and the purchaser. The financing institution would, however, agree to finance the full difference between the cash downpayment and the agreed upon purchase price if petitioner would agree, in connection with the granting of the mortgage to the purchaser, to deposit a certain sum in a savings account *239 with the financing institution. This sum usually was the difference between the cash downpayment plus the loan value of the house and the purchase price. The savings account, referred to in the preceding paragraph, was then assigned to the financing institution as additional security for the loan to the purchaser. The assignment agreement reads, in part, as follows: WHEREAS First Federal Savings and Loan Association of Greenville, Greenville, S.C., has agreed to lend… (Purchaser's Name) the sum of $ , secured by a first mortgage on real estate, provided a Savings Account held by me/us in said Association in a sum not less than $ is assigned to said Association pledged as additional security for said note and mortgage, and WHEREAS I/we, the undersigned, am/are desirous that said Association make said loan for that amount, and am/are willing to take out the necessary Savings Account, either by Certificate or Pass Book account, and assign said Savings Account to said Association as additional security to the aforesaid mortgage to protect said Association against making an excessive loan on said property, and to protect it from loss by reason of said loan, now therefore, *240 KNOW ALL MEN BY THESE PRESENTS: That in and for the consideration of the premises hereinabove set out, and the further consideration of the sum of $1.00 to me/us in hand paid, (receipt whereof is hereby acknowledged), I/we do hereby assign, set over and transfer unto the First Federal Savings and Loan Association of Greenville, its successors and assigns all my/our right title and interest in and to the Savings Account held by me/us in said Association in the sum of $ as evidenced by Certificate or Pass Book No…. upon the following terms and conditions, to-wit: (1) It is the intention of this assignment that should the (mortgagors) make, or caused to be made, all the payments due from month to month as provided in said note and mortgage sufficient to pay all interest, taxes, fire insurance premiums and principal payments sufficient to reduce the principal balance due thereon down to the sum of $ , without default, then in that event, the aforesaid Savings Account shall be released by the Association unto the undersigned, his/their Executors, Administrators, or assigns free of all the terms and conditions of this assignment; * * * Petitioner, in connection with each sale handled *241 as described above, made the deposit to the savings account by permitting the financing institution to withhold and deposit a certain portion from the proceeds of the sale. The savings account was in petitioner's name and drew interest at a fixed rate which was regularly credited to the account. The financing institutions involved placed, in various savings accounts, $30,800 from the proceeds of sales made in the year 1955 and $29,500 from the proceeds of sales made in the year 1956. Petitioner reported his income from the sale of houses on the accrual basis. Petitioner reported that portion of the sales price of each house required to be placed in a savings account with the financing institution as income in the year of sale only to the extent of approximately 40 percent of the gross amount deposited. The respondent increased petitioners' taxable income for 1955 and 1956 by the amounts of $18,480 and $17,700, respectively, and in a statement attached to the deficiency notice explained the adjustment for 1955 thus: (a) Certain Federal Savings and Loan certificates received by you during the year 1955 in the aggregate face amount of $30,800.00 are held to be includible in *242 your taxable income at 100% of face value. Section 61(a), Internal Revenue Code of 1954. Since you included these certificates in income at 40% of their face value, your taxable income is being increased by the difference of $18,480.00. Respondent made a similar explanation for including the amount of $17,700 in petitioners' taxable income for 1956. The portion of the sales price of each house required by the financing institution to be placed in a savings account with the institution must be reported as income of petitioner in the year of sale, in its entirety. Opinion The issue involved in this case is identical with the issue involved in Key Homes, Inc., 30 T.C. 109, affirmed per curiam, 271 F. 2d 280 (C.A. 6, 1959). For the reasons there given, we sustain the respondent's determination on this issue. Due to a concession by the respondent on another issue and a necessary adjustment as a result of a medical expense deduction dependent upon income. Decision will be entered under Rule 50.