Warren G. Morris and Nina Kay Morris v. Commissioner.
Morris v. Commissioner
Docket No. 92950.
United States Tax Court
T.C. Memo 1963-139; 1963 Tax Ct. Memo LEXIS 206; 22 T.C.M. (CCH) 660; T.C.M. (RIA) 63139; May 22, 1963
John J. McQueen, for the petitioners. Crane C. Hauser, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The respondent determined a deficiency in the petitioners' income tax for the year 1957 in the amount of $9,319.90. The only issue for decision is whether a partnership in which the petitioners were partners was required to include the income from certain sales of real property in taxable income for the year at issue. Findings of Fact All of the facts are stipulated and are found as stipulated. The facts as stipulated by the parties are as follows: Petitioners are husband and wife with principal residence at 3806 South Allegheny Avenue, Tulsa, Oklahoma. Petitioners filed their 1957 income tax return with the district *207 director of internal revenue, Oklahoma City, Oklahoma. Morris Construction Company, hereinafter referred to as Construction, a copartnership engaged in the business of building and selling houses, consisted of the following partners (petitioners herein) for the taxable year ended April 30, 1957: Share of Profit or
Name of Partner
Loss
Warren G. Morris
Two-thirds
Nina Kay Morris
One-third
During the fiscal year ended April 30, 1957, Construction entered into an arrangement with Home Federal Savings and Loan Association, hereinafter referred to as Home Federal, Tulsa, Oklahoma, a lending agency, whereby Home Federal would provide financing for purchasers of homes that Construction had for sale. When a prospective purchaser for a house was found by Construction, Home Federal would inspect the property and decide how much of the selling price it would lend in cash. After making a downpayment the buyer would execute a mortgage note to Home Federal for the balance of the full purchase price. Construction would receive the amount of the cash Home Federal was willing to lend, plus a "Collateral Certificate" evidencing a savings share account in Home Federal *208 for the difference between the amount of the mortgage note and the cash received from Home Federal. Home Federal and Construction would immediately enter into a collateral agreement whereby the savings share account was pledged as collateral on the purchaser's loan until the purchaser had paid an amount on the mortgage loan equal to the amount of the savings deposit. At this latter time, Home Federal would again appraise the property. If the reappraised value was sufficient to cover the balance of the outstanding loan, the amount in the savings share account would be paid to Construction. A pass book for the savings share account was made out for each loan in the name of Construction but was retained by Home Federal. Interest was credited to the account by Home Federal, of which amount $530.89 was not reported as income on the partnership return for the fiscal year ended April 30, 1957. During the fiscal year ended April 30, 1957, Construction received as part of its sales price of homes, certificates of savings share accounts in the amount of $45,650, which amount was recorded on its books and reported as income on its income tax return. In its income tax return filed for the *209 fiscal year ended April 30, 1957, Construction claimed a deduction for operating expense of $71,614.88 which included an item "Reduction of Value of Collateral to Market" in the amount of $22,825, which was 50 percent of the amount of the certificates of savings share accounts received from Home Federal. Construction kept its books on the accrual basis of accounting for its taxable year ended April 30, 1957, and reported on its Federal income tax return ordinary income for that year in the amount of $42,490.88. On their joint income tax return filed for the year 1957 the petitioners reported income from the partnership, Construction, as follows: Warren G. Morris
$28,327.25
Nina Kay Morris
14,163.63
$42,490.88
After audit the Commissioner increased petitioners' income from Construction in the amount of $23,169.40 with the following explanation in the notice of deficiency: Schedule 1-A Explanation of Adjustments (a) Examination of the books and records of the partnership Morris Construction Company disclosed that your share of the distributable income for the fiscal year ended April 30, 1957, is in the amount of $65,660.28. Inasmuch as you reported $42,490.88 *210 your taxable income has been increased by the difference of $23,169.40, computed as follows: Ordinary net income for partner-
ship return
$42,490.88
Add: Unallowable deductions
1. Reduction in value
of certificate
denied
$22,825.00
2. Contributions
denied
344.40
23,169.40
Partnership ordinary income as
adjusted
$65,660.28
Husband's distributive share for
fiscal year ended April 30, 1957
43,773.52
Wife's distributive share for fiscal
year ended April 30, 1957
21,886.76
Total distributive to your return
$65,660.28
Partnership income reported on
your return
42,490.88
Understatement of partnership in-
come
$23,169.40 Explanation of partnership adjustment 1. Inasmuch as the certificates of deposits representing collateral on loans with the Home Federal Savings and Loan were not disposed of during partnership's fiscal year, the deduction for reduction in value in the amount of $22,825.00 has been denied. 2. The amount of $344.40 in contributions is not an allowable deduction in computing the distributable income from the partnership. However, the deduction is allowed in computing the taxable income for your individual return *211 in item (c). Opinion The issue involved in this case is substantially identical to the issues in E. J. Gallagher Realty Co., 4 B.T.A. 219 (1926) and Key Homes, Inc., 30 T.C. 109 (1958), affirmed per curiam 271 F. 2d 280 (C.A. 6, 1959). For the reasons stated in those cases we sustain the respondent's determination on this issue. The basis of the petitioners' contention is that section 1001(b) of the Internal Revenue Code of 1954 provides that the amount realized from the sale of property is the sum of any money received plus the fair market value of any property (other than money) received. They, therefore, urge that the savings certificate must be taken into account at its fair market value and not its face value. However, as we view the case, the petitioners have an unconditional right to receive the balance of the purchase price from either the bank or the purchaser. An accrual basis taxpayer does not treat an unconditional right to receive money as property received, but rather as money received to the full face value of the right, and this is true whether the obligation is represented by a note or is on open *212 account. Spring City Co. v. Commissioner, 292 U.S. 182 (1934). To take account of adjustments not placed in issue by the petition, Decision will be entered under Rule 50.