A. V. WORLEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18548.

United States Court of Appeals Ninth Circuit.

Jan. 5, 1965.

taxes assessed and for which lien notices were filed in the proper state offices before his business transactions, at the root of this litigation, occurred.

In November, 1956, Hall, needing cash, sought out A. V. Worley, now appellant. Worley paid $10,000 to Hall and took assignments from Hall of his "reserve accounts" as an automobile dealer with two finance companies, Morthrift Plan and Pacific Finance Company. Dealers in appliances, furniture and automobiles who transfer at par their seller's interest in sales contracts normally are required to maintain some sort of a guarantee fund with the finance company to save the finance company harmless from losses at the hands of irresponsible debtor-purchasers. We believe it correct to say that often these "reserve funds" are quite a valuable asset of the automobile dealer. And, eventually, Worley in installments received $11,619.76 as a consequence of the assignments. This sum the government's tax arm pursues in the hands of Worley. The reason for the tax collector bothering Worley is that Hall became bankrupt. The district court has held that the government may have the proceeds which Worley obtained. We affirm.

We deal here, as best we can, on a meager record, with what was the nature of the "reserve accounts", and whether they come within the securities exception of 26 U.S.C. § 6323. Those without actual notice may take from a tax liened debtor with impunity from the lien any assets qualifying as securities as defined in § 6323(c) (2) which provides:

Cecil J. Bishop, Sacramento, Cal., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Fred E. Youngman, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., J. J. Kilgariff, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the Court of Claims, and BROWNING, Circuit Judge.

CHAMBERS, Circuit Judge.

Floyd Hall, formerly of Sacramento, owes the government over $16,000 for

"(2) Definition of Security.—As used in this subsection, the term 'security' means any bond, debenture, note, or certificate or other evidence of indebtedness, issued by any corporation (including one issued by a government or political subdivision thereof), with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for,

or warrant or right to subscribe to or purchase, any of the foregoing; negotiable instrument, or money."

■ To generalize, the section insulates negotiable instruments and things bought at brokerage houses, plus "money," the last word in the section. We are satisfied that money in the section means money; the kind one could bite, feel or pinch. If one should define it as "money or the right to receive money," the door would be open beyond any reasonable width that the Congress could have had in mind.

Here Worley took the stand and said over and over that the accounts were money.[1] And, on cross examination the government didn't really shake his testimony. The government bothered not to bring any testimony as to the exact nature of the transactions between Hall and the finance companies. It simply brought citations.

■ But we believe that the decision was correct. The government of course as plaintiff had the burden of proving the existence of its taxes, the recording of the lien notices, and that Worley got something of value that had been Hall's. This it did. But we hold that the burden of proving the exceptional nature of the assets of Hall acquired by Worley was Worley's.[2]

■ We do not imply that Worley was wilfully swearing falsely. But we do think that the trial judge was entitled to think that Worley, when he said "money," was just expressing his legal opinion. As such, he could dismiss it, leaving Worley with a failure of proof.

The district court was entitled to assume that the finance company must have had more than one account each and that the companies just didn't keep each dealer's reserve account in a bucket, drawer or safe in money per se, because such would be so contrary to the practices of the commercial world. We think the judge in such circumstances could look to the books for definitions of dealers reserve.[3] From that he could conclude the accounts were credits running first from the companies to Hall and later to Worley. He held that the accounts were not money:[4] in effect, choses in action.

■ Appellant makes no contention that if the accounts were ordinary choses in action, that they were not subject to the government liens. And, indeed he could not.[5]

Judgment affirmed.

---

1. However, some evidence of confusion in Worley's legal notions are apparent. He testified he paid to Hall $10,000 in cash, but it developed that he gave a certified bank check. He said Hall had a "reserve account." Then he said it was money.

The written directions by Hall of November 27, 1964, to the finance companies were to put Worley's name "on all checks due and payable from [Hall's] reserve account." Certainly this does not point to money in a drawer or other place. Neither does the fact that the eventual payments were made by check.

2. Cf. Weir v. Commissioner, 6 Cir., 283 F.2d 675, and Filipowicz v. Rothensies, D.C., E.D.Pa., 43 F.Supp. 619.

3. See Morgan v. Commissioner, 9 Cir., 277 F.2d 152; Shapiro v. Commissioner, 9 Cir., 295 F.2d 306. We are unable to agree that taxpayer's dictionary and textbook citations support him far enough to sustain the burden that the reserves were money and not choses in action.

4. In (c) (1) of 26 U.S.C. § 6323 where the consideration for purchase for value is stated, the reference is to "money or money's worth." In (c) (2), same section, where security is defined, the reference is to "money." Obviously, the first subsection makes a distinction. If "money or money's worth" were in the definition of security, one would have no trouble agreeing with Worley.

5. United States v. Asher, S.D.Cal., 48 A.F. T.R. 1497. Iron and Glass Dollar Savings Bank v. Siesal Contruction Co., Pa. C.P., 10 Pa.Dist. & Co.R.2d 500, and United States v. Royce Shoe Co., D.C. N.S., 137 F.Supp. 786. See also an interesting note in 42 Iowa Law Review 412.