MARYSVILLE DEVELOPMENT COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marysville Dev. Co. v. Commissioner
Docket No. 16627-82.
United States Tax Court
T.C. Memo 1985-412; 1985 Tax Ct. Memo LEXIS 224; 50 T.C.M. (CCH) 725; T.C.M. (RIA) 85412; August 12, 1985. S. Scott Reynolds, for the petitioner. Margaret K. Hebert, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent determined *225 a deficiency of $38,290 in Federal income tax for petitioner's taxable year ended August 31, 1978. The issue for decision is whether an accrual basis taxpayer must include, in the year of receipt, the face amount or the fair market value of a note it received from the sale of real property. Petitioner and respondent submitted this matter fully stipulated. The stipulated facts and accompanying joint exhibits are incorporated herein. Petitioner, a California corporation doing business in Redlands, California, [1] is an accrual basis taxpayer reporting its income on a fiscal year ending August 31. Petitioner's corporate Federal income tax return for the taxable year ended August 31, 1978, was timely filed with the Internal Revenue Service Center in Fresno, California. Petitioner is a general contractor engaged in the construction of homes in San Bernardino County, California. On December 9, 1977, petitioner sold land to John Heers, Inc. (Heers), a closely held California corporation, for the total sum of $399,000. Petitioner received $229,000 in cash and a $170,000 promissory *226 note from Heers. The promissory note was unsecured and its fair market value prior to maturity was less than its face value. [2] Petitioner's obligations under the contract had been fully executed and no additional performance was necessary to entitle petitoner to full payment on the note. At the close of petitioner's fiscal year ended August 31, 1978, petitioner placed an $85,000 fair market value on the promissory note. Accordingly, petitioner reported $85,000 in income from receipt of the note on its income tax return for this period. On its return for the taxable year ended August 31, 1978, petitioner did not elect (and it is likely that petitioner was not entitled to elect) the installment method of reporting. Petitioner treated the balance of the face amount of the note as includable in the taxable year ended August 31, 1979. The $170,000 note, together with accrued interest, was paid on its due date, September 4, 1978. Respondent determined that petitioner should have included $170,000 in income in the year of receipt of the note. Accordingly, *227 respondent determined that petitioner's taxable income for the fiscal year ended August 31, 1978, should be increased $85,000. Correlatively, respondent determined that petitioner's taxable income for the fiscal year ended August 31, 1979, should be reduced $85,000. Respondent's adjustments result in a deficiency of $38,290 for the 1978 fiscal year. [3]
Respondent maintains that petitioner must include the face amount of the promissory note in petitioner's income in the taxable year of receipt. Petitioner, however, argues that only the fair market value of the note is includable. For the following reasons we agree with respondent, following Western Oaks Building Corp. v. Commissioner,49 T.C. 365 (1968). Section 1001(b)[4] provides that "[t]he amount realized from the sale or other disposition of property shall be the sum *228 of any money received plus the fair market value of the property (other than money) received." Petitioner suggests that Heers' note is property for purposes of this section and is part of the amount petitioner realized on the land sale only to the extent of its fair market value. An accrual basis taxpayer, however, is not entitled to treat an unconditional right to receive money as property received, but must treat it as money received to the full extent of the face value of the right. First Savings & Loan Association v. Commissioner,40 T.C. 474, 487 (1963). Petitioner also argues that its fair market value position is supported by section 1.453-6(a)(1), Income Tax Regs., which in part provides: § 1.453-6. Deferred-payment sale of real property not on installment method. (a) Value of Obligations. (1) In transactions included in paragraph (b)(2) of § 1.453-4, that is, sales of real property involving deferred *229 payments in which the payments received during the year of sale exceed 30 percent of the selling price, the obligations of the purchaser received by the vendor are to be considered as an amount realized to the extent of their fair market value in ascertaining the profit or loss from the transaction. Petitioner maintains that this regulation applies to both cash and accrual basis taxpayers. This same argument was conceptually addressed and rejected by this Court in First Savings & Loan Association,supra at 487. Further, we noted the installment reporting exception which First Savings & Loan Association did not elect. Petitioner's reliance in this case upon the installment method regulations is misplaced since petitioner did not elect to report under the installment method, which provided an alternative method for accrual basis taxpayers. [5] In this setting, petitioner's reference to section 1.453-6(a)(1), Income Tax Regs., is at best an analogous one. *230 It is clear that even when payment is not due until sometime in the future, an accrual method taxpayer, not using the installment method, must include the amount of the payment in income in the taxable year of the sale, i.e., when the taxpayer acquires the right to receive that amount in the future. Western Oaks Building Corp. v. Commissioner,supra at 372; FirstSavings & Loan Association v. Commissioner,supra;George L. Castner Co. v. Commissioner,30 T.C. 1061 (1958). In George L. Castner Co. v. Commissioner,supra, a case cited by petitioner, we held that the face value of a 10-year note received on the sale of business machinery and equipment was includable in computing the gain realized in the taxable year at issue. We referenced, however, section 29.44-4, Regs. 111, [6] which contains similar wording to section 1.453-6(a)(1), Income Tax Regs. The regulations promulgated under the 1939 Code (section 29.44-4, Regs. 111) would appear to permit an accrual basis taxpayer *231 to consider obligations received on deferred-payment realty sales as cash to the extent of their fair market value. This earlier regulation, like the latter, does not specifically reference accrual or cash basis. In addition, the Castner case concerned personal property and not realty as involved in the regulation and this case. Accordingly, we must look to other authority to determine whether an accrual method seller of real property includes the face or fair market value of a note in the year of sale. Such authority is provided in Western Oaks Building Corp. v. Commissioner, supra.
*232 In Western Oaks Building Corp. v. Commissioner,supra, we considered whether an accrual method seller of real property was required to report the face amount of restricted savings accounts received in the year of sale. Western Oaks Building Corporation received savings accounts (or shares) from a savings and loan association, which it assigned back to the savings and loan as security for payment of loans made by the savings and loan to purchasers of houses Western Oaks constructed and sold. As purchasers paid loan principal, amounts were released to Western Oaks as the seller. Western Oaks contended that it was not required to report the face amounts of the savings certificates when received but instead it was required to include the amounts only when such amounts were released or made available to them. We held that the face amount of the accounts were includable in gross income in the year of sale and not when they were released to Western Oaks. In so holding, we commented that if the taxpayers had "taken and held a note of the purchaser, instead of a restricted account, these notes would clearly have been includable in income in the year of the sale at *233 face amount." Western Oaks Building Corp. v. Commissioner,supra at 372. We pointed out that although the parties had not argued its applicability, "we interpret it [section 1.453-6(a)(1), Income Tax Regs.] as being inapplicable to accrual method taxpayers." Western Oaks Building Corp. v. Commissioner,supra at 372 n.4 (emphasis added). Petitioner has not persuaded us that an accrual method taxpayer is entitled to use section 1.453-6(a)(1), Income Tax Regs., [7] and thus entitled to include less than the face amount of the note. Petitioner has not cited a single case involving an accrual basis seller of realty where section 1.453-6(a)(1), Income Tax Regs., was held to limit the amount realized by the seller in the year of sale to the fair market value of notes received. In addition, as respondent argues, section 451(a) provides that: The amount of any item of gross shall be included in the gross income for the taxable year in which received by the taxpayer, unless under the method of accounting used in computing taxable income, such amount is *234 to be properly accounted for as of a different period. Section 1.451-1(a), Income Tax Regs., provides, in part: Under an accrual method of accounting, income is includable in gross income when all the events have occurred which fix the right to receive such income and the amount thereof can be determined with reasonable accuracy. When petitioner sold land in exchange for Heers' note and cash, petitioner's right to receive payment in the amount of $399,000 was fixed. Petitioner did not have to do anything further to be entitled to receive the $170,000 other than to await the passage of time, as would any accrual method seller on credit terms. Thus petitioner is required to include the entire $399,000 in income in the 1978 fiscal year because all events have occurred to fix and make determinable the amount petitioner was to receive. See Spring City Foundry Co. v. Commissioner,292 U.S. 182, 184-185 (1934); Key Homes, Inc. v. Commissioner,30 T.C. 109, 114 (1958), affd. per curiam 271 F.2d 280 (6th Cir. 1959); Lomas & Nettleson Financial Corp. v. United States,486 F. Supp. 652, 662 (N.D. Tex. 1980). *235 *236 In view of the foregoing, we hold that petitioner as an accrual method seller of realty (which did not or was not entitled to elect the installment method of reporting) is not entitled to report only the fair market value of notes received under either section 1001(b) or section 1.453-6(a)(1), Income Tax Regs.
Because we decided the deferred sale issue adversely, petitioner's alternative argument which goes to the worthlessness of the note must be addressed. Petitioner argues, citing Cuba Railroad Co. v. Commissioner,9 T.C. 211 (1947), that it need not accrue Heers' note in the fiscal year of the land sale because "there was a real doubt and uncertainty that the claim for payment would ever be turned into cash or its equivalent; otherwise, there would be no basis for discounting the value of the note." In Cuba Railroad Co. v. Commissioner,supra at 215, we concluded that the taxpayer's claim against the Cuban government was unenforceable. At the end of the taxpayer's taxable year there was great uncertainty as to when and whether the Cuban government would pay the amount it owed Cuba Railroad Company. Accordingly, *237 we held that the taxpayer was not required to accrue its claim as income, but instead could wait until the uncertainty regarding payment was insome way removed. We do not find any such uncertainty here concerning the payment of the note from Heers. In addition, the mere fact that petitioner decided to discount the value of Heers' unsecured note does not establish that there was doubt as to its payment--which was timely made only four days after the close of petitioner's taxable year and approximately nine months following issuance. As we stated in First Savings & Loan Association v. Commissioner,supra at 487, "the fact that there is always the possibility that a purchaser or debtor may default in his obligation is not sufficient to defer the accruing of income that has been earned." To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Subsequent to the taxable year at issue, petitioner changed its name to William C. Buster, Inc.↩
2. Respondent has stipulated that he will accept petitioner's valuation of the note if he does not prevail on his legal argument.↩
3. Respondent's adjustments also resulted in overpayments for fiscal years 1977 and 1979 (the former because of a net operating loss carryback to that year). Petitioner has filed protective claims for refunds for both of these taxable years.↩
4. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue.↩
5. It should be noted that for deferred-payment sales of real property after Oct. 19, 1980, both accrual and cash basis taxpayers are required to use the installment method unless they elect out.↩
6. Sec. 29.44-4, Regs. 111, in part provided as follows: Sec. 29.44-4. Deferred-Payment Sale of Real Property Not on Installment Plan.--In transactions included in class (2) in section 29.44-2 ["Deferredpayment sales not on the installment plan, that is, sales in which the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable year in which the sale is made exceed 30 percent of the selling price."], the obligations of the purchaser received by the vendor are to be considered as the equivalent of cash to the amount of their fair market value in ascertaining the profit or loss from the transaction.↩
7. Petitioner argues that Western Oaks Building Corp. v. Commissioner,49 T.C. 365 (1968), and First Savings & Loan Association v. Commissioner,40 T.C. 474 (1963), can be distinguished on the basis that the taxpayers in neither case (1) argued the applicability of sec. 1.453-6(a)(1), Income Tax Regs., or (2) raised the holding in George L. Castner Co. v. Commissioner,30 T.C. 1061 (1958). As we have noted, however, the Tax Court in Western Oaks Building Corp. v. Commissioner,supra, in fact considered and rejected the applicability of the regulation. Furthermore, this Court cited George L. Castner Co. v. Commissioner,supra, in its opinion. Thus, this Court did consider the Castner opinion. What petitioner apparently terms the holding in that case, that a regulation under the 1939 Code worded similarly in sec. 1.453-6(a)(1), Income Tax Regs., was applicable to both cash and accrual basis taxpayers selling real property, we regard as dictum, since George L. Castner Co. v. Commissioner,supra, involved a casual sale of personal property. Regardless of what arguments the taxpayers in Western Oaks Building Corp. v. Commissioner,supra, and First Savings & Loan Association v. Commissioner,supra,↩ made, both cases involved accrual basis taxpayers who sold real property at least in part for consideration other than cash, which is precisely the fact pattern now before us.